# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DERRICK EDWARD ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> Warden GREGORY MCLAUGHLIN, <br><br> Defendant. | CIVIL ACTION NO. <br> 5:17-cv-00375-TES-MSH |

## ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Derrick Edward Robinson's Objection to Report and Recommendation [Doc. 12] and Motion for Leave to Proceed on Appeal *In Forma Pauperis* [Doc. 16] are currently before this Court for review. Plaintiff, an inmate in the Coffee Correctional Facility in Nicholls, Georgia, filed a *pro se* civil rights complaint in this Court, under 42 U.S.C. § 1983. After conducting a preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), the United States Magistrate Judge recommended that the Court dismiss Plaintiff's complaint for failure to state a claim because Plaintiff did not set forth any factual allegations demonstrating a causal link between the only named defendant and the alleged constitutional deprivation. [Doc. 7]. Plaintiff did not file a timely objection to the recommendation of dismissal, and this Court subsequently adopted the recommendation. [Doc. 10].

Thereafter, Plaintiff filed the Objection to Report and Recommendation, which this Court construes as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010) (recognizing that the courts routinely treat post-judgment motions for reconsideration as Rule 59(e) motions). Newly-discovered evidence or manifest errors of law or fact are the only grounds for the Court to grant a Rule 59 motion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Such a motion is not appropriate for relitigating old matters or for raising arguments or presenting evidence that could have been raised before the Court entered judgment. *Id.*

Here, Plaintiff asserts that Defendant McLaughlin is the warden of Macon State Prison, and thus, that he is responsible for the operations in the prison. [Doc. 12]. Plaintiff further contends that he set forth sufficient facts in his complaint to state a claim for relief. [*Id.* at 2]. Plaintiff does not identify any newly discovered evidence or manifest errors of law or fact committed when the Court dismissed Plaintiff's complaint. Accordingly, the Court **DENIES** the motion to alter or amend the judgment.

With regard to Plaintiff's motion for leave to appeal *in forma pauperis*, in the Court's best judgment, Plaintiff cannot maintain an appeal from the dismissal of his complaint in good faith. Fed. R. App. P. 24 and 28 U.S.C. § 1915 govern applications to appeal *in forma pauperis*. Under 28 U.S.C. § 1915,

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such

prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

. . .

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

    (A) shows . . . the party's inability to pay or to give security for fees and costs;
    (B) claims an entitlement to redress; and
    (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Here, Plaintiff has submitted a renewed affidavit for leave to proceed *in forma pauperis* and an updated certified copy of his trust fund account statement demonstrating that he is unable to prepay the appellate filing fee.

Second, the Court must determine if the plaintiff has satisfied the good faith requirement. The Court must judge good faith under an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. And an issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)

(citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Plaintiff has not submitted a statement of the issues he intends to appeal, as is required by Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the issues raised in this case demonstrates that Plaintiff's appeal is frivolous. In particular, as the Magistrate Judge found, Plaintiff failed to allege facts connecting the only named defendant to the alleged constitutional violation. Thus, the Court properly dismissed Plaintiff's complaint. *See H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986) (explaining that, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation). Plaintiff, therefore, does not bring this appeal in good faith. Consequently, the Court **DENIES** Plaintiff's application to appeal *in forma pauperis* [Doc. 16].

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Court hereby **DIRECTS** the Clerk of Court to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED and DIRECTED**, this 22ND day of June, 2018.

<u>**S/ Tilman E. Self, III**</u>
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT